## Charles Crum, Defendant in Error, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Plaintiff in Error.

1. Costs, § 5*—*rule as to judgment for at common law.* At common law a judgment for costs does not exist.

2. Costs, § 5*—*when judgment for can be entered.* A judgment can only be entered for costs when the same is authorized by statute or by agreement of the parties.

3. Costs—*absence of statute authorizing trial court to tax costs made in Appellate or Supreme Court.* There is no statute authorizing a trial court to tax as costs in that court, costs that are made in the Appellate or Supreme Court, the costs in those courts being disposed of in the judgments there entered.

4. Costs, § 64*—*when words "costs of suit" in judgment construed to cover only legal.* The words "costs of suit" in a judgment for costs that judgment is entered by agreement "in favor of the plaintiff * * * against the defendant * * * in the sum of Fifty Dollars ($50.00) and costs of suit," must be construed to mean only such costs as the trial court had authority to enter, and hence not to include costs in the Appellate Court on a prior appeal.

Error to the County Court of Edgar county; the Hon. Dan V. Dayton, Judge, presiding. Heard in this court at the September term, 1917. Reversed and remanded with directions. Opinion filed October 22, 1918.

George B. Gillespie, for plaintiff in error.

J. K. Lauher, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

Defendant in error sued plaintiff in error and recovered judgment. On appeal to the Appellate Court that judgment was reversed for error and the cause was remanded to the County Court. After the cause was redocketed in the County Court the parties set-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tled the case and judgment was rendered by agreement of parties against plaintiff in error and for costs of suit. Later a fee bill was issued for the costs. The fee bill contained, besides all the regular and proper costs in the County Court, the costs in the Appellate Court in matter of the appeal from the former judgment, and also an item for stenographer's fees in taking a certain deposition. A motion to retax the costs was made and an order was entered thereon directing the retaxing of the costs so as to eliminate the stenographer's fees but denying the motion so far as it related to the costs in the Appellate Court. It is to reverse this order retaxing costs that this writ of error is prosecuted.

At the common law there was no such thing as a judgment for costs. Under our practice a judgment for costs can only be entered when the same is authorized by statute or by the agreement of the parties. There is no statute authorizing a trial court to tax as costs in that court, costs that are made in the Appellate or Supreme Court. The costs in those courts are disposed of in the judgments there entered. See section 22, ch. 33 (J. & A. ¶ 2736) and section 27, ch. 37, Rev. St. (J. & A. ¶ 2970). There is no proof in this record as to what the stipulation of the parties in fact was or that it was agreed between them that plaintiff in error was to pay the costs in the Appellate Court. It follows that in determining whether the order to retax costs is correct or not, this court is limited to the construction of the language of the judgment on which the fee bill in question issued, and in doing that the foregoing propositions must be kept in mind.

The judgment referred to is in the following words: "By agreement of parties judgment is hereby rendered in favor of the plaintiff, Chas. Crum, against the defendant, the C., C., C. & St. L. Ry. Co., in the sum of Fifty Dollars ($50.00) and costs of suit." The judgment is, to say the least, extremely informal, but

is before us not for review but construction. The words "costs of suit," in view of what has been said, can only be construed to mean such costs as that court at that time had statutory power to enter, or, in other words, the costs in that court. If the agreement between the parties in fact was that plaintiff in error should also pay the costs made in the Appellate Court, judgment for which had already been entered in that court, it may be defendant in error can yet enforce that contract in an original action, but there is nothing in this record from which it can be determined that the judgment referred to included such costs.

The order appealed from is reversed and the cause is remanded to the County Court with directions to quash the fee bill as to all costs taxed in the Appellate Court as well as the items which the County Court did eliminate by the order appealed from. The item of costs in the Appellate Court to be finally eliminated are as follows:

Fees—Costs in Appellate Court............$17.85
Fees—Printing Abstracts .................. 26.00
Fees—Lucy Bishop, Court Reporter........ 52.50
Advance costs paid by appellant............ 10.00

*Reversed and remanded with directions.*