(No. 47076.—⬛)

ELMER J. MEYER *et al.*, Appellants, v. LIZETTA M. C. MARSHALL *et al.*, Appellees.

*Opinion filed Jan. 20, 1976.—Rehearing denied March 25, 1976.*

436

CREBS, J., took no part.

Tom D. Adams, of Columbia, for appellants.

C. Glennon Rau, of Rau and Martin, and Michael V. Frierdich, both of Columbia, for appellees Lizetta C. Marshall *et al.*

Floyd E. Crowder, of Columbia, for appellee City of Columbia.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiffs, Elmer J. Meyer, Mathilde H. Meyer,

and Judith Crowder, each of whom is an owner or occupant of improved residential property located in the city of Columbia, Illinois, filed a verified complaint in the circuit court of Monroe County under the provisions of section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—15) seeking to enjoin the defendants, Lizetta M. C. Marshall, Louise Wolf, and Schueler Brothers, Inc., from constructing a residential building which would allegedly violate provisions of the city's zoning ordinance. The court gave judgment for the plaintiffs. On appeal the Appellate Court for the Fifth District reversed (22 Ill. App. 3d 217), and we granted leave to appeal.

The complaint alleged that defendant Marshall was the owner of real property located in Columbia, that she intended to build a residence on that parcel which would be within 500 feet of the plaintiffs' property, and that she had engaged the defendant Schueler Brothers, Inc., a building contractor, for that purpose. The site on which the individual defendants proposed to build the new residence was on one portion of a single lot of record owned by defendant Marshall which already contained a house occupied by defendants Marshall and Wolf. The complaint charged that construction of the proposed additional house would violate a provision of the city's zoning ordinance prohibiting the location of more than one main building on a single lot, and would also violate other provisions of the ordinance prescribing minimum setbacks for front, side and rear yards. The complaint sought both a preliminary and a permanent injunction. The plaintiffs also asked that they be allowed a sum of money for the services of their attorney as a part of the costs of the action, and that all costs be taxed against the defendants.

On the same day the complaint was filed, the circuit court, without notice or bond, issued a temporary or preliminary injunction, which was to remain in effect until

further order of the court. The defendants filed a motion to dissolve the preliminary injunction in which they also requested the recovery of their attorney's fees and costs.

The court, after permitting the city of Columbia to intervene as a party defendant, heard evidence and entered a judgment granting the plaintiffs a permanent injunction. The court also taxed costs against the defendants and awarded the plaintiffs $1,602 as attorney's fees.

While the appeal to the appellate court was pending, defendant Marshall sold to defendant Wolf that portion of the former's land on which the new house was to have been built. A new building permit was issued, and a new house, apparently having a different placement, had been constructed on the land which had been conveyed. These facts do not appear of record, but, according to the appellate court, they were recited in an affidavit by one of the plaintiffs, of which the appellate court properly took judicial notice. (*La Salle National Bank v. City of Chicago* (1954), 3 Ill.2d 375.) The plaintiffs make the same allegations in their brief, and the defendants do not deny them.

The appellate court concluded that all questions as to the propriety of the preliminary and permanent injunctions issued by the circuit court against construction of the house originally proposed had become moot since no effective relief could now be granted. The court expressed the view, however, that if the issuance of the permanent injunction had not been warranted, then a refusal to review the case would work an injustice upon the defendants because, on this hypothesis, it would not have been proper to tax them for costs and for the plaintiffs' attorney's fees. For this reason the court proceeded to review the merits of the case, and it determined that the original building would not have violated the municipal zoning ordinance. On that basis the appellate court reached the conclusion that the plaintiffs were therefore not entitled to costs or attorney's fees. The court drew the

further conclusion that the plaintiffs must indemnify the defendants for the costs and attorney's fees incurred by the latter. (22 Ill. App. 3d 217, 223.) We find each of these holdings incorrect, and we reverse.

So far as the right of the defendants to recover costs and attorney's fees from the plaintiffs is concerned, the court's conclusion rests on an erroneous premise. With respect to the permanent injunction, section 11—13—15 of the Municipal Code does not purport to award attorney's fees to a defendant under any circumstances, but only to a successful plaintiff. The pertinent part of the section reads as follows:

> "If an owner or tenant files suit hereunder and the court finds that the defendant has engaged in any of the foregoing prohibited activities, then the court shall allow the plaintiff a reasonable sum of money for the services of the plaintiff's attorney. This allowance shall be a part of the costs of the litigation assessed against the defendant, and may be recovered as such."

The validity of this section, prior to a 1969 amendment which made the allowance of attorneys' fees mandatory, rather than discretionary (Laws of 1969, at 1236), was sustained in *Pasfield v. Donovan* (1956), 7 Ill.2d 563, and the defendants do not challenge the validity of the section in its present form.

The defendants nevertheless assert that section 12 of the Injunction Act (Ill. Rev. Stat. 1973, ch. 69, par. 12) allows them attorneys' fees as part of their damages resulting from the wrongful issuance of a preliminary injunction. That position is not sound, for in a long series of cases we have stated that attorneys' fees and other damages may be recovered under section 12 only if the preliminary injunction has been dissolved before the case is disposed of on the merits, and thus adjudicated to have been wrongfully issued. (*Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill.2d 177; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill.2d 45; *Stein v. Green* (1955), 6 Ill.2d 234; *Schien v. City of Virden* (1955), 5 Ill.2d 494; *Schuler*

*v. Wolf* (1939), 372 Ill. 386; *Nestor Johnson Manufacturing Co. v. Goldblatt* (1939), 371 Ill. 570.) Moreover, the dismissal of a complaint for a permanent injunction, whether by a trial court or by a reviewing court upon appeal, does not constitute an adjudication that the issuance of a preliminary injunction was wrongful. *Schien v. City of Virden* (1955), 5 Ill.2d 494; *Nestor Johnson Manufacturing Co. v. Goldblatt* (1939), 371 Ill. 570.

Although the defendants did file a motion to dissolve the preliminary injunction and noticed it up for hearing, the trial court did not hold a hearing on the motion, and did not dissolve the injunction. What occurred in the trial court was that the court continued the motion to dissolve for a short time at the request of the city of Columbia, which had petitioned for leave to intervene. In setting the new hearing date the court's order specified that the subject matter of the hearing would be the city's intervention as well as "the complaint and all issues joined therein."

At the hearing, the court, after granting the city's petition to intervene, inquired, "Are there any other pleadings that have to be disposed of before we begin with the Complaint?" None was suggested by the defendants, and the parties then proceeded to a trial on the merits. After both parties had rested their case the court again inquired whether there were any motions to be entertained. No response was made to this inquiry and the court, after hearing closing arguments, rendered a decision from the bench in favor of the plaintiffs.

The defendants thus failed to secure a ruling on their motion prior to the disposition of the case on its merits, although it is plain that they had ample opportunity to do so. It was also open to the defendants to prosecute an interlocutory appeal under Rule 307 from the trial court's failure to act upon their motion, but that, too, they failed to do.

The appellate court also erred in reversing the award of costs and attorneys' fees to the plaintiffs. As previously

stated, a successful plaintiff in an action under section 11—13—15 is entitled to an award of attorneys' fees. The plaintiffs here gave testimony respecting the amount allowable as fees, and the defendants do not charge that the trial court's award was incorrect in this regard.

By the time this case had reached the appellate court the underlying controversy between the plaintiffs and the defendants had, through action on the part of the defendants, become moot. We have repeatedly held that where it is no longer possible to render effective relief on the ultimate merits of a controversy, a reviewing court should not undertake a review of the controversy simply because liability for costs may be at stake. *La Salle National Bank v. City of Chicago* (1954), 3 Ill.2d 375, is illustrative. In that case the defendant had refused to issue a license to the plaintiffs to operate a nursing home because of the absence of frontage consents from owners of nearby property, which were required by a city ordinance. The trial court held that this requirement was unconstitutional, and certain intervening property owners appealed. While the case was pending on appeal, however, the license in question was issued, and the plaintiffs moved to dismiss the appeal. We stated:

> "*** Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation." 3 Ill. 2d at 378-79.

The decision reached by the appellate court is based upon a supposed analogy to the statutory scheme of the costs act (Ill. Rev. Stat. 1973, ch. 33, par. 1 *et seq.*), under which those items of costs which are recoverable by a successful plaintiff are likewise recoverable by the defendant if the latter prevails. It is for this reason that the appellate court felt required to review the ruling of the trial court upon the merits. The analogy is not persuasive,

however, for only those items of costs designated by statute may be allowed as such, and attorneys' fees are not of that character. (*Ritter v. Ritter* (1943), 381 Ill. 549.) Apart from statute, there is, of course, no right on the part of the successful party to recover "attorneys' fees and the ordinary expenses and burdens of litigation." (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill.2d 45, 51-52.) For the reasons given above that part of the judgment of the appellate court setting aside the award of costs and attorneys' fees to the plaintiffs was also erroneous.

· The question arises as to what disposition we should make of this case. In *La Salle National Bank v. City of Chicago* (1954), 3 Ill.2d 375, where the case had also become moot pending · appeal, the element of mootness arose because the object of the plaintiffs' suit—the issuance of a license—had already been achieved. Our action was not to dismiss the appeal but to reverse the trial court, and remand the case with directions to dismiss the complaint. The reason for that disposition was that the circuit court judgment had invalidated an ordinance under which the intervenors claimed certain rights, and dismissal of the appeal would accordingly have left that judgment standing as *res judicata.*

The mootness of the present case, however, arises out of the fact that the defendants abandoned their original project. To leave the judgment of the trial court in effect would therefore not have an adverse effect on the defendants by way of *res judicata.* We believe the most appropriate disposition is to reverse the judgment of the appellate court and to remand the cause to that court with directions to dismiss the appeal. In so doing we are not to be understood as having expressed any opinion with regard to those provisions of the zoning ordinance of the city of Columbia which were involved in the case.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.