ELMER J. MEYER *et al.*, Plaintiffs-Appellees, *v.* LIZETTA M. C. MARSHALL, a/k/a Sadie Marshall, *et al.*, Defendants-Appellants.

Fifth District   No. 77-322

Opinion filed October 16, 1978.

C. Glennon Rau, of Rau and Martin, and Michael V. Frierdich, of Zimmer and Frierdich, both of Columbia, for appellants.

Weihl & Millard, Ltd., of Belleville (Donald E. Weihl, of counsel), for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendants appeal from a judgment of the circuit court of Monroe

County awarding plaintiffs $12,500 for appellate attorney fees and $612.10 for other appellate costs incurred in a previous appeal to this court and to the Illinois Supreme Court.

The principal question in this case is whether attorney fees may be awarded to a successful appellate litigant by a trial court without express statutory authority.

This action was first commenced by plaintiffs pursuant to section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—13—15). The complaint alleged that construction of a house by defendant Marshall would violate the Columbia Zoning Ordinance and sought a temporary injunction on grounds that permitting the construction would disturb their peace, quiet, health and comfort and deprive them of the full use and enjoyment of their land. A temporary injunction was granted on the same day the complaint was filed, February 27, 1973, without notice to defendant and without requiring plaintiffs to post bond. The city of Columbia was later allowed to intervene over defendants' objection, and after a trial on all the issues, the trial court permanently enjoined construction of the new house and assessed court costs including attorney fees against the defendants.

The defendants appealed raising several issues, including the contention that the trial court improperly assessed attorney's fees against the defendant when such fees should have been assessed against the plaintiffs. Because of events happening after the appeal was filed, we held all the issues moot except the propriety of assessing court costs including attorney fees against the defendant. (*Meyer v. Marshall*, 22 Ill. App. 3d 217, 317 N.E.2d 407.) Even though we held that all issues except the assessment of attorney fees had become moot, we nevertheless reviewed the merits of the case for the reasons stated in our opinion. We held Lizetta Marshall's plans to build a new home on a portion of her property fully satisfied all of the requirements of the Columbia Zoning Ordinance. The issuance of the injunction was against the manifest weight of the evidence and therefore costs, including attorney fees should not have been assessed against the defendants. After deciding the merits of the case in favor of the plaintiffs we stated at 22 Ill. App. 3d 217, 223:

> "The sole remaining issue for our consideration is whether as defendants request, costs including attorney's fees should be assessed against the plaintiffs. The defendants argue that since the plaintiffs brought their action pursuant to section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—13—15) which allows a successful plaintiff to recover attorney's fees and since the Costs Act (Ill. Rev. Stat. 1971, ch. 33, par. 8) would have permitted the defendants to recover like costs if they had been successful at trial, they were entitled to recover costs

including attorney's fees against the plaintiffs. But for the error of the trial court in interpreting the Columbia Zoning Ordinance, judgment would have been for defendants. Therefore, we hold that the defendants should be allowed to recover costs, including attorney's fees against the plaintiffs."

Our decision was reversed by the supreme court in *Meyer v. Marshall*, 62 Ill. 2d 435, 343 N.E.2d 479. In reversing, the supreme court held that where it is no longer possible to render effective relief on the ultimate merits of a controversy, a reviewing court should not undertake a review of the controversy simply because liability for costs may be at stake. The court further said at page 441-42:

"The decision reached by the appellate court is based upon a supposed analogy to the statutory scheme of the costs act (Ill. Rev. Stat. 1973, ch. 33, par. 1 *et seq.*), under which those items of costs which are recoverable by a successful plaintiff are likewise recoverable by the defendant if the latter prevails. It is for this reason that the appellate court felt required to review the ruling of the trial court upon the merits. The analogy is not persuasive, however, for only those items of costs designated by statute may be allowed as such, and attorneys' fees are not of that character. [Citation.] Apart from statute, there is, of course, no right on the part of the successful party to recover 'attorneys' fees and the ordinary expenses and burdens of litigation.' (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52.) For the reasons given above that part of the judgment of the appellate court setting aside the award of costs and attorneys' fees to the plaintiffs was also erroneous."

In making a final disposition of the case, the supreme court said at page 442:

"The mootness of the present case, however, arises out of the fact that the defendants abandoned their original project. To leave the judgment of the trial court in effect would therefore not have an adverse effect on the defendants by way of *res judicata*. We believe the most appropriate disposition is to reverse the judgment of the appellate court and to remand the cause to that court with directions to dismiss the appeal. In so doing we are not to be understood as having expressed any opinion with regard to those provisions of the zoning ordinance of the city of Columbia which were involved in the case."

Following this court's dismissal of the appeal in compliance with the supreme court mandate, plaintiffs filed a motion in the trial court to reinstate the cause to determine the amount of appellate attorney fees and other appellate costs to be assessed.

Defendants argue the trial court erred in reinstating this cause and assessing costs against defendants for attorney fees and other appellate expenses. In response, plaintiffs argue that in light of section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—13—15) and the Supreme Court's mandate indicating plaintiffs were entitled to costs against the defendants, the assessment of appellate attorney fees and appellate costs by the trial court was proper. Because we resolve this cause favorably for the defendant on the basis of this issue, we will refrain from commenting on other issues raised in the briefs.

The statute under which the original action was brought, section 11—13—15 of the Illinois Municipal Code, provides for the award of attorney fees and costs in the following language:

"If an owner or tenant files suit hereunder and the court finds that the defendant has engaged in any of the foregoing prohibitive activities, then the court shall allow the plaintiff a reasonable sum of money for the services of the plaintiff's attorney. This allowance shall be a part of the costs of the litigation assessed against the defendant, and may be recovered as such." Ill. Rev. Stat. 1975, ch. 24, par. 11—13—15.

We observe from the outset that the supreme court has already placed a strict construction on this statute in this case and that this statute does not specifically state that a court shall award appellate attorney fees as appellate costs. Illinois has consistently followed a policy of requiring that statutes which provide for the award of attorney fees and costs to a successful litigant do so in specific language before such an award will be made by the court. (*Waller v. Board of Education*, 28 Ill. App. 3d 328, 328 N.E.2d 604.) It is feared that to require parties to an honest controversy to submit their right to prosecute or defend an action to a dangerous gamble which might subject the loser to a heavy loss in opponent's attorney fees and costs would discourage open access to the courts. *Ritter v. Ritter*, 381 Ill. 549, 556, 46 N.E.2d 41; *Murczek v. Powers Label Co.*, 31 Ill. App. 3d 939, 335 N.E.2d 172.

■■ In light of the doctrine of strict construction which has been applied consistently in this jurisdiction, we find that section 11—13—15 does not provide for the award of appellate attorney fees. Our reasoning in more detail is as follows:

■■ First, the legislature has seen fit to clearly indicate that under certain circumstances attorney fees may be awarded on appeal. (See Illinois Marriage and Dissolution of Marriage Act, Ill. Rev. Stat. 1977, ch. 40, par. 508(3); and "An act to Revise the Law in Relation to Divorce," Ill. Rev. Stat. 1975, ch. 40, par. 16.) Applying the doctrine of strict construction, if in its wisdom the legislature had desired to have appellate attorney fees

awarded under this section, it would have specifically said so. We have no authority to impose upon those powers reserved to the legislature.

Second, cases in this jurisdiction have always held that attorney fees and costs may not be awarded in the absence of statutory authority. In *Commissioners of Lincoln Park v. Schmidt,* 395 Ill. 316, 69 N.E.2d 869, and *Forest Preserve District v. Kean,* 303 Ill. 293, 135 N.E. 415, attorneys sought fees for appellate services for representation provided in eminent domain proceedings. In each case the statute was strictly construed, the court holding:

> "[T]he provision of the statute is for the payment by the petitioner of all costs, expenses and reasonable attorney fees that the defendant paid or incurred in defense of the petition, and that does not include the costs and expenses of a removal to this court by appeal to set aside the judgment." (395 Ill. 316, 321.)

*Waller v. Board of Education* cites numerous other examples of the application of this strict construction doctrine when considering the award of attorney fees.

■■ Third, we look to authority outside this jurisdiction. The Supreme Court of Oklahoma in *National Credit Co. v. Franklin,* 177 Okla. 417, 418-19, 60 P.2d 744, 746 (1936), reached a conclusion similar to ours when interpreting a statute not so clearly limiting the award of attorney fees to the trial court. That action involved the interpretation of a usury statute which provided that the prevailing party shall be entitled to recover, as part of the costs, a reasonable attorney fee. In rejecting counsel's argument requesting the award of appellate attorney fees, the court noted the legislature's failure to specifically state such costs were to be awarded in the statute. Since appellate attorney fees are not specifically provided for in section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—13—15), we feel the trial court erred in awarding appellate attorney fees in this case.

While plaintiffs have cited the case of *Anundson v. City of Chicago,* 15 Ill. App. 3d 1032, 305 N.E.2d 376, for the proposition that appellate attorney fees can be awarded under section 11—13—15 of the Illinois Municipal Code, that case is distinguishable. In *Anundson,* the court was never squarely faced with the issue now before this court. The issue was simply not considered.

■■■ We also find the trial court erred in assessing defendant $612.10 for plaintiffs' appellate costs. "There is no statute authorizing a trial court to tax as costs in that court, costs that are made in the Appellate or Supreme Court. The costs in those courts are disposed of in the judgments there entered." (*Crum v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.,* 212 Ill. App. 518, 519.) Costs must be taxed in the court wherein they were

incurred. (*People v. Nicholls*, 71 Ill. 2d 166, 374 N.E.2d 194.) In the instant case the supreme court mandate which was followed by this court in its order to dismiss the first appeal in this case awarded appellate costs to the plaintiffs.

We therefore conclude that the trial court acted without authority in taxing defendants for plaintiffs' appellate attorney fees and appellate costs. The judgment of the circuit court of Monroe County is reversed.

Reversed.

EBERSPACHER, P. J., and KARNS, J., concur.