RONALD F. PEISKER *et al.*, Plaintiffs-Appellees, v. DENNIS KING *et al.*, Defendants-Appellants.

Second District No. 2—85—0352

Opinion filed January 27, 1986.

Alfred D. Stavros and JoAnn L. Nieman, both of Stavros & Biasiello, of Wheeling, for appellants.

Carroll J. King, of Alms & Miller, of Barrington, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendants, Dennis and Frances King, appeal from an order entered by the circuit court of Lake County denying their petition for damages resulting from what the defendants alleged was the wrongful issuance of a temporary restraining order (TRO).

On May 8, 1984, plaintiffs, Ronald F. Peisker and Ronnoc H. Connor, filed a complaint for declaratory and injunctive relief in which they sought to enjoin defendants from constructing a pole-type barn on certain property owned by defendants in a subdivision known as Flint Creek Estates. Plaintiffs alleged that the building would violate

provisions of a restrictive covenant that covered the property in question. On May 14, 1984, the trial court issued a TRO enjoining defendants from beginning construction on the building. A hearing on plaintiffs' petition for a preliminary injunction was continued from time to time, the parties agreeing on each occasion that the TRO would continue in effect until a hearing on the merits. A hearing was eventually held, and on July 31, 1984, the trial court, in a lengthy oral opinion, denied plaintiffs' request for a preliminary injunction, concluding that the restrictive covenant, although valid and enforceable, did not apply to the facts in this case. The court then instructed defendants' counsel to prepare a written order setting forth the court's findings. The written order provided that the restrictive covenant was inapplicable to the facts in this case and further stated that "the Temporary Restraining Order heretofore entered is dissolved."

Plaintiffs took no further action in the case. Consequently, defendants moved to dismiss plaintiffs' complaint. At the same time they also requested damages under section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—110) in the amount of $8,835.50 for attorney and expert witness fees. (Defendants' petition was accompanied by a supporting affidavit detailing the expenses.) The trial court dismissed the complaint on February 20, 1985. Thereafter, on April 29, 1985, the court, relying on *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, determined that defendants were not entitled to recover attorney and expert witness fees and awarded defendants only the ordinary costs in defending the suit pursuant to section 5—118 (Ill. Rev. Stat. 1983, ch. 110, par. 5—118). Defendants then brought this appeal.

■ The sole issue raised in this appeal is whether the trial court erred in denying defendants' petition for attorney and expert witness fees. Under section 11—110, where the trial court dissolves a TRO or preliminary injunction prior to disposing of the merits of the case, the party who was enjoined is entitled to recover damages incurred as a result of the TRO or preliminary injunction. (Ill. Rev. Stat. 1983, ch. 110, par. 11—110.) The party claiming damages, however, must establish that the TRO or preliminary injunction was wrongfully issued. *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 543; *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 439; *Schien v. City of Virden* (1955), 5 Ill. 2d 494, 503.

Resolution of the issue presented here turns on whether this court finds the decision in *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, applicable to the facts in the case at bar. In *Stocker Hinge*, the plaintiff sought to enjoin the defendants

from disclosing alleged trade secrets. The trial court issued a TRO preventing defendants from disclosing the information in question. The defendants then filed a motion to dissolve the TRO, but the trial court denied the motion and ordered the TRO, which was about to expire, to continue in effect. Following a hearing on the plaintiff's petition for a preliminary injunction, the trial court entered an order denying the preliminary injunction and dissolving the TRO. Thereafter, the defendants sought to recover damages under the predecessor to section 11—110 (see Ill. Rev. Stat. 1977, ch. 69, par. 12), claiming that the TRO was wrongfully granted. The trial court awarded damages, and the appellate court affirmed, concluding that when the trial court refused to issue a preliminary injunction and at the same time dissolved the TRO, it amounted to an adjudication that the TRO was wrongfully issued. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1981), 99 Ill. App. 3d 340, 343.) The supreme court reversed. Initially the court noted that when the defendants did not appeal the trial court's order refusing to dissolve the TRO, that order became final and constituted a determination that the TRO was, in fact, properly granted. Thus, the supreme court found that the defendants failed to establish that the TRO was wrongfully issued, an essential requirement to the recovery of damages. The court went on to make the following observations, which are particularly pertinent to the instant case:

> "Additionally, defendants have failed to recognize the difference between a temporary restraining order which is dissolved by the court because it was improvidently granted and one which simply expires because it has served its function. [Citations.] When the temporary restraining order is not dissolved before a hearing on the merits, it becomes merged with the preliminary injunction, if the plaintiff prevails, or it becomes *functus officio*. [Citation.] Thus, there has been no legal determination that the TRO was wrongfully issued. [Citation.]
>
> Defendants mischaracterize the trial court's order *** refusing to grant the motion for a preliminary injunction and 'dissolving' the TRO. The purpose of a TRO is to maintain the status quo while the court is hearing evidence to determine whether a preliminary injunction should issue. In the instant case, once the trial court had heard the evidence and reached a determination that a preliminary injunction should *not* issue, the TRO, in effect, expired by its own terms because it no longer served any function. Although in its order *** the trial court 'dissolved' the TRO, it would not have been necessary to

do so. The temporary restraining order, having served its purpose, simply expired. It was not dissolved but rather became *functus officio.*" (Emphasis in original.) *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 545.

Defendants seek to distinguish *Stocker Hinge* on the ground that the above-quoted language was not essential to the court's decision. They maintain that the supreme court denied damages in that case solely because there had been a decision regarding the wrongfulness of the issuance of the TRO which was adverse to the party seeking damages. They insist that "[t]here was no decision on that issue in this case." Yet, in their brief defendants claim that "the trial court found that the temporary restraining order had been wrongfully issued." This assertion is based on a portion of the trial court's oral opinion of July 31, 1984, where the court stated that "there is no violation of a right that has been demonstrated by the Plaintiffs in this court." Read in its proper context, however, the statement was simply part of the court's observation that "the elements for issuing a preliminary injunction have not been found." The trial court did not find that the TRO was wrongfully issued. Further, it is significant to note that in *Stocker Hinge* the supreme court expressly rejected the argument that the denial of a preliminary injunction, by itself, constitutes an adjudication that the TRO was wrongfully granted. *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 546.

It is apparent that defendants essentially request this court to adopt the position taken in the dissent in *Stocker Hinge.* Although the dissent agreed with the majority that a TRO ceases to exist once the trial court denies a motion for a preliminary injunction, the dissent argued that where the trial court finds that the plaintiff is not entitled to injunctive relief, the defendant should be permitted to recover damages caused by the TRO regardless of whether it expired by its own terms upon denial of the plaintiff's motion for a preliminary injunction. *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 547-48 (Simon, J., dissenting).

Suffice it to say, the views articulated in the dissent were rejected by a majority of the supreme court and certainly have no binding effect. Nor do we believe that the majority's observations concerning the effect of an order which denies a preliminary injunction and simultaneously dissolves a TRO can be dismissed—as defendants urge—as *dictum.* In this regard, it is worth noting that the dissent argued that the position taken by the majority was "bad policy" and would en-

courage multiple hearings and piecemeal appeals. *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 548-49 (Simon, J., dissenting).

The principles set forth in *Stocker Hinge* are applicable to the case at bar. Here, as in *Stocker Hinge*, the trial court refused to issue a preliminary injunction and at the same time purported to dissolve the TRO it had previously granted. In reality, however, the TRO was not dissolved but became *functus officio*, having "expired by its own terms because it no longer served any function" once the trial court denied the plaintiff's request for a preliminary injunction. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 545; see also *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 50; *Schien v. City of Virden* (1955), 5 Ill. 2d 494, 503-04.) Consequently, there was no determination that the TRO was wrongfully issued, and therefore defendants are not entitled to recover damages.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

REINHARD and SCHNAKE, JJ., concur.