176

MELVIN N. SEGLIN, Plaintiff-Appellee and Cross-Appellant, v. OLD OR-
CHARD HOSPITAL *et al.*, Defendants-Appellants and Cross-Appellees.

First District (2nd Division)   Nos. 1—87—3853, 1—87—3874 cons.

Opinion filed December 12, 1989.

Michael J. Koenigsknecht, Thaddeus J. Nodzenski, and Sheldon M. Katz, all of Gardner, Carton & Douglas, of Chicago, for appellants.

Jerry A. Esrig and Francine Kaplan, both of Epstein, Zaideman & Esrig, P.C., of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Dr. Melvin Seglin, sued defendants for the summary suspension of his admitting and staff privileges at Old Orchard Hospital (the Hospital). The trial court dismissed this case pursuant to defendants' section 2—615 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). Defendant appealed the denial of attorney fees. Plaintiff cross-appealed the dismissal of this action.

■ The motion to dismiss was, in reality, a hybrid motion which involved two allegations which were proper under section 2—615 (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), and a third allegation which was proper under section 2—619 (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). The form of the motion, which was labeled simply "Motion to Dismiss" and only referred to section 2—615, while improper, does not require dismissal absent a showing of prejudice. (*Wilde v. First Federal Savings & Loan Association* (1985), 134 Ill. App. 3d 722, 480 N.E.2d 1236; *Cali v. DeMattei* (1984), 121 Ill. App. 3d 623, 460 N.E.2d 121.) No prejudice was alleged here. Thus, we will consider the allegations raised in this hybrid motion.

Plaintiff, a psychiatrist, filed a two-count action seeking damages. In count I, he alleged that defendants breached their contract with him by suspending his admitting privileges at the hospital in contravention of its bylaws, rules and regulations. In count II, he alleged that the

suspension of his admitting privileges was a tortious interference with prospective business relationships between him and his patients.

The pleadings allege the following facts. Dr. Seglin had full admitting privileges at the hospital since 1977. A dispute arose between Dr. Seglin and the hospital over how to approach caring for a juvenile patient. The patient was admitted to the hospital in July 1981. When that patient was discharged from the hospital in October 1981, Dr. Seglin had no other patients in the hospital. As a result of the dispute, Dr. Esau, as medical director of the hospital, initiated a request that all of Dr. Seglin's staff and admitting privileges be summarily suspended, on the grounds that plaintiff failed to maintain appropriate medical records and had failed to attend meetings unilaterally scheduled by defendant Kachoris, as director of the child program.

As a result of Dr. Esau's request, the administrative committee summarily suspended plaintiff on October 14, 1981. Plaintiff alleges that this suspension was a breach of contract because the grounds for the suspension were on their face inadequate to support the suspension according to the bylaws and rules.

The pleadings further allege that in breach of the contract, an *ad hoc* committee was appointed to review the suspension. The appointment of the *ad hoc* committee violated the bylaws. Neither the administrative committee nor the *ad hoc* committee afforded plaintiff an appearance within the time limits required in the bylaws and rules relating to summary suspension. The *ad hoc* committee unanimously decided to continue the suspension and gave its report to that effect to the administrative committee on or about October 30, 1981.

The administrative committee decided to continue the suspension. Dr. Seglin was notified of the continuation of his suspension on November 4, 1981.

A hearing before a judicial review committee (JRC) was arranged at Dr. Seglin's request. (The JRC is not an independent judicial body, but is a committee within the hospital's corporate structure.) Dr. Seglin maintained that the suspension should be declared invalid because the administrative committee's actions did not adhere to the provisos of the bylaws. Hearings were concluded on November 19, 1982.

The JRC's report, issued on January 13, 1983, concluded that the suspension was unwarranted and not supported by the evidence, and reinstated Dr. Seglin.

Plaintiff alleges that: (1) defendant Esau initiated the summary suspension upon obviously inadequate and inappropriate grounds, clearly in contravention of the bylaws and rules; and (2) defendants Grygotis, Klapman, and Kachoris continued the summary suspension

and issued a report to that effect, in breach of contract, upon obviously inadequate and inappropriate grounds, clearly in contravention of the bylaws and rules. Plaintiff further alleges that despite his vindication by the JRC, he has been foreseeably and seriously damaged in his professional practice by the defendants' breach of contract. He also alleges that this was an unjustified, intentional interference with his ability to practice psychiatry and to form professional relationships with prospective patients.

The defendants' motion to dismiss was based on three allegations. First, defendants alleged section 10.2 of the Illinois Hospital Licensing Act (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2), which regulates the liability of individuals and hospitals, bars any action against physicians who participate in peer review committees, "or any other committee whose purpose *** is internal quality control *** or the improving or benefiting of patient care and treatment, *** or for the purpose of professional discipline." Second, they argued the bylaws of the hospital barred this action, since the bylaws limit plaintiff's exclusive remedy to a writ of mandate. Third, they asserted the claim for interference with prospective business relations failed because it did not allege that defendants directed their conduct toward plaintiff's prospective patients. Defendants also asked for the awarding of attorney fees as provided in the hospital bylaws. The trial court dismissed both counts on the grounds that the bylaws specified that plaintiff's exclusive remedy was an action for *mandamus*. The trial court denied defendants' motion for costs and fees.

Defendants appealed the denial of attorney fees. Plaintiff cross-appealed the dismissal of the action. We affirm.

I

■ We must initially determine whether plaintiff's complaint for money damages was sufficient to state a cause of action in order to withstand a motion to dismiss. Pleadings are to be liberally construed to provide substantial justice between parties. (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c).) A dismissal should not be based solely on the pleadings "unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790.

■ While it is well settled in Illinois that a private hospital's refusal to appoint a physician to its medical staff is not subject to judicial review (*Barrows v. Northwestern Memorial Hospital* (1988), 123 Ill. 2d 49, 50-60, 525 N.E.2d 50), an exception to that rule of nonreview exists where a private hospital revokes, suspends or reduces a physi-

cian's existing staff privileges. The hospital must follow its own bylaws or be subject to limited judicial review. *Jain v. Northwest Community Hospital* (1978), 67 Ill. App. 3d 420, 425, 385 N.E.2d 108.

## A

Section 10.2 of the Hospital Licensing Act (the Act) provides that hospitals and their staffs are immune from civil liability for services rendered while serving in the capacity of a medical care evaluation committee or peer review committee. Ill. Rev. Stat. 1985, ch. 111½, par. 151.2; *Barrows v. Northwestern Memorial Hospital* (1988), 123 Ill. 2d 49, 58, 525 N.E.2d 50.

Plaintiff argues that the application of section 10.2 of the Act would be an unconstitutional impairment of his vested contract rights. The Act became effective after the contractual relationship of the parties arose and after the initiation of the present action. Plaintiff initially filed suit against the defendants herein, in Federal district court, on July 27, 1983. His suit was for Federal antitrust damages, several pendent State claims and sought $15.5 million in damages before trebling. The Federal district court dismissed the action for failure to state a Federal cause of action. Dr. Seglin then appealed. The Seventh Circuit upheld the trial court's dismissal. (*Seglin v. Esau* (7th Cir. 1985), 769 F.2d 1274.) On August 5, 1986, Dr. Seglin brought the present action.

■ While the effective date of the Act was August 16, 1986, the appellate court in *Rodriguez-Erdman v. Ravenswood Hospital Medical Center* (1987), 163 Ill. App. 3d 464, 471, 516 N.E.2d 731, *appeal denied* (1988), 118 Ill. 2d 551, held that the Act is retroactive. (Accord *Levy v. McKiel* (1989), 185 Ill. App. 3d 240, 243; *Knapp v. Palos Community Hospital* (1988), 176 Ill. App. 3d 1012, 1023-24, 531 N.E.2d 989, *cert. denied* (1989), ___ U.S. ___, 107 L. Ed. 2d 100, 110 S. Ct. 141; *Gates v. Holy Cross Hospital* (1988), 175 Ill. App. 3d 439, 446 n.2, 529 N.E.2d 1014, *appeal denied* (1989), 124 Ill. 2d 554.) We agree. Therefore, based on the grant of immunity from civil liability, we conclude that the trial court properly dismissed plaintiff's complaint.

## B

Plaintiff's complaint raises issues regarding breach of contract and tortious interference with prospective business advantage. Each of these counts is seeking compensatory or punitive damages. As previously noted, hospitals and their staffs are immune from civil liability for services on medical care evaluation committees or peer review committees. Ill. Rev. Stat. 1985, ch. 111½, par. 151.2; *Levy v. McKiel*

(1989), 185 Ill. App. 3d 240, 243; *Barrows v. Northwestern Memorial Hospital* (1988), 123 Ill. 2d 49, 58, 525 N.E.2d 50; *Knapp v. Palos Community Hospital* (1988), 176 Ill. App. 3d 1012, 1023-24, 531 N.E.2d 989, *cert. denied* (1989), ___ U.S. ___, 107 L. Ed. 2d 100, 110 S. Ct. 141; *Gates v. Holy Cross Hospital* (1988), 175 Ill. App. 3d 439, 446, 448-49, 529 N.E.2d 1014, *appeal denied* (1989), 124 Ill. 2d 554.

## C

■ The hospital's bylaws on the plaintiff's remedy in this situation are clear and unambiguous. They are subject only to one interpretation. (*A.A. Conte, Inc. v. Campbell-Lowrie-Lautermilch Corp.* (1985), 132 Ill. App. 3d 325, 477 N.E.2d 30.) The bylaws limit judicial review only to a writ of mandate. Further, plaintiff could seek this writ only if the hospital's internal review has upheld the suspension. The parties also agreed not to sue one another for damages arising out of medical staff disputes. Thus, the hospital's internal review gave plaintiff all the relief to which he was entitled. Therefore, plaintiff's action was also barred by his contract with the hospital.

## II

Defendants argue that attorney fees should be awarded to them in this case, pursuant to the hospital's bylaws. They state that Dr. Seglin has filed two actions, both of which he lost, and is liable to the defendants for their reasonable costs and attorney fees.

■ In Illinois, it is well settled that attorney fees are not ordinarily recoverable unless specifically authorized by contract. (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 343 N.E.2d 479.) Contract provisions with regard to attorney fees are to be strictly construed. (*Verni v. Imperial Manor of Oak Park Condominium, Inc.* (1981), 99 Ill. App. 3d 1062, 425 N.E.2d 1344.) Illinois courts consistently refuse to broaden contractual provisions for attorney fees beyond the precise language used in the contract. *Thread & Gage Co. v. Kucinski* (1983), 116 Ill. App. 3d 178, 451 N.E.2d 1292, *appeal denied* (1983), 96 Ill. 2d 566 (attorney fees *not* allowed pursuant to a confession of judgment clause which authorized fees in such actions, since the defendant had proceeded by way of an action for breach of contract and *not* through a confession procedure); *Wheeling Trust & Savings Bank v. Citizens National Bank* (1986), 142 Ill. App. 3d 333, 491 N.E.2d 866 (attorney fees not allowed in an action for declaratory rights in an extension agreement to a mortgage, even though attorney fees would have been allowed if the action had been brought to determine rights under the mortgage).

Plaintiff submits that he is not within the attorney fees provision of the bylaws because he is asking for contract damages and not asking the court to direct, by writ of mandate or a similar order, the hospital or any of the defendants to take any action. We agree.

■ The payment of attorney fees in the bylaws is expressly limited and does not apply to this action. The bylaws provide for attorney fees of the prevailing party to be paid when there is an action for a writ of mandate brought to review any adverse ruling with respect to clinical privileges. The present action does not seek review of an adverse ruling, does not request a writ of mandate, and therefore, is not within the plain meaning of the words used by the hospital.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO and EGAN,* JJ., concur.

---

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.