(No. 33719.—

ELIZABETH H. PASFIELD *et al.*, Appellees, *vs.* DR. JOHN J. DONOVAN *et al.*, Appellants.

*Opinion filed January 19, 1956.*

A. M. FITZGERALD, and WALTER T. DAY, both of Springfield, for appellants.

DEBOICE, GREENING & ACKERMAN, of Springfield, (BENJAMIN S. DEBOICE, and ALFRED H. GREENING, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

As amended by the legislature in 1953, the zoning law authorizes the institution of actions to prevent violations of municipal zoning ordinances by "any owner or tenant of real property in the same contiguous zoning district as the building or structure in question." And in the event that a permanent injunction is decreed, it authorizes the court in its discretion to allow the plaintiff a reasonable sum for the services of plaintiff's attorney, and provides that the allowance shall be part of the costs of the proceeding. (Ill. Rev. Stat. 1955, chap. 24, par. 73-9.) The constitutionality of the amended statute is attacked on this appeal from the circuit court of Sangamon County.

The principal defendant, Dr. John J. Donovan, moved two residences from their former locations in the city of Springfield onto the rear of lots which he and the other defendants owned, and placed them behind the existing houses on those lots. Plaintiffs own property or reside in the block to which the houses were moved. Their complaint alleged that the defendants' conduct violated the zoning ordinance, and prayed for an injunction to restrain further violation, and a mandatory injunction to compel removal of the houses. It also contained a prayer for the allowance of attorney's fees to be taxed as costs. Thereafter the city instituted an action to enjoin the same violation. The de-

fendants answered both complaints denying any zoning violation. Neither answer raised any constitutional question. The decree in the case before us was entered on June 18, 1954. It perpetually enjoined the defendants from violating the zoning ordinance, ordered them to desist from violation within sixty days, and retained jurisdiction for the purpose of assessing attorney's fees and costs. After a rule had been entered directing the defendants to show cause why they should not be held in contempt for failure to comply with the decree, the houses were torn down.

The plaintiffs filed their petition for the allowance of attorney's fees, and on January 24, 1955, the defendants moved in the alternative to dissolve the injunction or to strike the petition, on the ground that the 1953 amendment of the zoning law was unconstitutional. This was the first time that a constitutional question was raised in the case. That portion of the defendant's motion which sought dissolution of the injunction was stricken, and after a hearing the court entered a supplemental decree, on April 1, 1955, which held the amendment constitutional and awarded the plaintiffs $1000 as attorney's fees, to be assessed as costs against the defendants.

The first matter to be determined is the jurisdiction of this court upon direct appeal. Defendants have attempted to appeal from the original decree as well as the supplemental decree. They attack the validity of two provisions of the amended statute,—that which authorizes private persons to sue and that which authorizes the allowance of attorney's fees. The validity of the first of these provisions is not properly before us. The original decree necessarily adjudicated, as between these parties, all questions which were or could have been raised with respect to the standing of the plaintiffs to maintain their action, and no timely appeal was taken from that decree.

Plaintiffs contend that the constitutionality of the pro-

vision which authorizes the allowance of attorney's fees was likewise adjudicated by the original decree and is not now open. But in the original decree the court did not exercise its statutory discretion to allow or to disallow fees; the reservation of jurisdiction to determine the matter was not, of course, equivalent to a determination. So an appeal from the original decree which sought to question only the validity of the provision concerning attorney's fees would have been premature. (*Klemtner* v. *City of Chicago*, 356 Ill. 185.) That issue, therefore, may be raised upon appeal from the supplemental decree and so the appeal was properly taken to this court.

With respect to the allowance of attorney's fees, the amendment provides: "If a permanent injunction is decreed in any action or proceeding for a purpose mentioned in this section, the court in its decree may, in its discretion, allow the plaintiff a reasonable sum of money for the services of the plaintiff's attorney. This allowance shall be a part of the costs of the litigation assessed against the defendant, and may be recovered as such." Ill. Rev. Stat. 1955, chap. 24, par. 73-9.

Defendants first argue that this provision is unconstitutional because it grants "special privileges and immunities" contrary to section 22 of article IV of the constitution. They contend that it singles out one particular type of injunction suit for the allowance of this special and additional kind of costs, citing *Manowsky* v. *Stephan*, 233 Ill. 409. In that case a provision of the Mechanics' Lien Law which allowed mechanics' lien holders to recover attorney's fees in foreclosure proceedings was held invalid as special legislation, because no reason was shown for singling out that particular group of lien holders for preferential treatment over others. A similar question of classification arose in *Vogel* v. *Pekoc*, 157 Ill. 339, where a statute which allowed attorney's fees in suits brought by wage earners to recover wages was upheld because, as explained in the

*Manowsky case,* 233 Ill. at 413, in most instances the claims would not be large, "and often so small that the persistent refusal of the employer to pay would, in effect, result in the denial of the employee's right to recover, for the reason that the sum that the latter would necessarily be obliged to pay for attorney's fees would be greater in amount than the sum due from the employer."

Those two cases illustrate the obvious problem of classification which arises when one kind of private debt is singled out for distinctive treatment. Because the imposition of a penalty for failure to pay such a debt smacks of an effort to preclude a judicial determination of the justice of the claim, the basis for the classification is closely examined. Such cases differ from those in which the allowance of attorney's fees is employed as an additional sanction to bring about compliance with legal duties which do not arise solely out of the private dealings of the parties. In the latter class of cases there is no problem of classification because, subject to constitutional limitations not here involved, the legislature may fix such sanctions as it considers appropriate to secure compliance with its command. (Cf. *Hayes Freight Lines, Inc.* v. *Castle,* 2 Ill. 2d 58, 68-69.) And the allowance of attorney's fees has been regarded as a permissible statutory sanction, like the award of punitive or exemplary damages.

Power to impose such a sanction has consistently been recognized by the courts of this and other States. (See 11 A.L.R. 884; 90 A.L.R. 530.) Thus, in *Peoria, Decatur and Evansville Railway Co.* v. *Duggan,* 109 Ill. 537, this court upheld a statute allowing attorney's fees in actions for the death of animals killed by railroads as a result of the railroads' failure to fence their rights of way as required by statute. In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Hamilton,* 200 Ill. 633, this court sustained a statute allowing attorney's fees in an action against a railroad for injury from fire caused by the de-

fendant's violation of its statutory duty to keep its right of way clear of dead grass and other combustible matter. In *Morrison* v. *Farmers Elevator Company,* 319 Ill. 372, a provision of the Securities Act allowing reasonable attorney's fees in an action to recover the amount paid for stock sold in violation of the act was upheld. (See also *Scherzer* v. *Keller,* 321 Ill. 324.) The power to impose such sanctions in civil suits for the violation of statutory duties is also illustrated in the Federal anti-trust laws, which provide for the recovery by the complainant of three times his actual damages, together with his costs of suit, including a reasonable attorney's fee. (15 U.S.C.A., sec. 15.) We hold, therefore, that the provision for allowance for an attorney's fee does not create special privileges and immunities, in violation of section 22 of article IV of the constitution.

Defendants' second ground of attack on the constitutionality of the statute is that it denies their right to a jury trial on the issue of attorney's fees, in violation of section 5 of article II of the constitution. The statute directs that the attorney's fee is to be assessed against the defendant as part of the costs of the proceedings. Costs are ordinarily taxed by the clerk, (Ill. Rev. Stat. 1955, chap. 33, par. 25,) and where there is an element of discretion involved in their assessment, they are determined by the court. No authority is cited which suggests that the constitution requires the interposition of a jury in the determination of costs, and the contention is wholly without merit.

Defendants further contend that the 1953 amendment embraces more than one subject and that the subjects are not mentioned in the title of the act, in violation of section 13 of article IV of the constitution. The title of the amendatory act is "An act to amend section 73-9 of the Revised Cities and Villages Act." It is settled that where one act amends another by setting out the title of the

original act, all matters which could have been included in the original act may be included in the amendment. (*City of Evanston* v. *Wazau*, 364 Ill. 198, 203.) The effect of this amendment was to enlarge the class of plaintiffs who might bring the actions previously authorized by section 73-9 and to increase the allowable costs in those actions. In this there was no violation of the constitutional provision.

The defendants seem to argue that because the statute says that the court may allow attorney's fees "in its decree," it was error in this case to reserve jurisdiction for subsequent determination of the amount to be awarded. But we do not read the statute as establishing rigid procedural requirements intended to circumscribe the judge in the exercise of his discretionary authority.

The supplemental decree allowed an attorney's fee of $1000. The trial court was familiar with the situation, and we find nothing in the record that would warrant us in disturbing its determination.

The decree of the circuit court of Sangamon County is affirmed.

*Decree affirmed.*