JOSEPH MALONE, JR., Plaintiff-Appellee, *v.* CHECKER TAXI COMPANY, INC., Defendant-Appellant.

(No. 54899;

First District—February 14, 1972.

Jesmer and Harris, of Chicago, (Robert D. Jesmer and Charles E. Tannen, of counsel,) for appellant.

Mr. JUSTICE LYONS delivered the opinion of the court:

Joseph Malone Jr. brought an action for money damages against the Checker Taxi Company for personal injuries and property damage alleged to have been sustained by him as the result of a collision between his automobile and a taxi owned by the defendant and driven by its employee, Johnny Suggs. The cause was submitted to a jury which returned a verdict in favor of the defendant upon which judgment was entered. Thereafter defendant, pursuant to the provisions of section 41 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 41), moved that its costs and attorney's fees incurred in defense of the action be taxed against the plaintiff. The motion was denied without a hearing and defendant has appealed, raising the single issue of whether the denial of the motion without a hearing was improper.

No briefs or appearance has been filed by or on behalf of plaintiff in this court. We have, nevertheless, determined to consider the appeal on its merits, as a question of procedure under the Civil Practice Act is involved.

Section 41 of the Civil Practice Act provides:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

■■■ The statute does not by its own terms require that a hearing be had on motions presented to the court for recovery of expenses and attorney's fees. It has been held, however, that the party seeking the relief afforded by section 41 must prove that false allegations were made with knowledge of their falsity or without reasonable cause. (See *Horween v. Dubner* (1965), 68 Ill.App.2d 309, 319, 216 N.E.2d 288.) It has also long been established that the party moved against must be afforded an opportunity to be heard. (See *Adams v. Silfen* (1951), 342 Ill.App. 415, 420, 96 N.E.2d 628, where a predecessor of Ill. Rev. Stat. 1967, ch. 110, par. 41, virtually identical in language, was under consideration.) These decisions read together constitute a judicial mandate which the statute itself fails to provide. If the movant must establish his entitlement to the relief sought and the party moved against is entitled to be heard, the only logical conclusion to be drawn is that a hearing must be held.

Accordingly, the order denying defendant's motion is reversed and the cause remanded to the trial court with instructions to conduct a hearing on the merits of the motion, on which we here express no

opinion, and to exercise its discretion in the granting or denial of the motion after being advised in the premises by the evidence and argument presented at the hearing.

Reversed and remanded with directions.

GOLDBERG, P. J., and BURKE, J., concur.