MARIE FEWER *et al.*, Plaintiffs, *v.* ARTHUR GRANT *et al.*, Defendants.— (Peoples Gas Light & Coke Company, Plaintiff-Appellant, *v.* Arthur Grant *et al.*, Defendants-Appellees.)

First District (4th Division)  No. 82—168

Opinion filed December 23, 1982.

Paul M. Heller, of Wexler & Heller, of Chicago, for appellant.

Kaplan, Sorosky and Hoffman, of Chicago (Thomas E. Hoffman and Donald G. Weiland, of counsel), for appellee James Flanagan.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Peoples Gas Light & Coke Company (Peoples Gas), appeals an order of the trial court granting attorney fees to defendant, James Flanagan, under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41). The sole issue presented for review is whether the trial court abused its discretion in awarding attorney fees.

We reverse.

On March 31, 1976, Marie Fewer and Chicago Title and Trust Company, as trustee, filed a complaint against Arthur Grant to foreclose a trust deed for property located at 6726 South Oglesby Avenue in Chicago, Illinois. The subject property was a three story apartment building. On June 21, 1976, James M. Flanagan was appointed receiver. He filed his first report on July 13, 1976, stating that in his opinion "potential rental income will not offset the cost of repairs, nor cover monthly operating costs."

On May 2, 1978, Flanagan filed an interim report. The following information was listed on his time sheets: a 10-minute call to the gas company on June 28, 1976 regarding service usage and a 20-minute call to the gas company on November 9, 1976 regarding service usage. Flanagan filed his second interim report on June 30, 1979, and was discharged as receiver.

On January 26, 1978, Peoples Gas filed an amended complaint against Arthur Grant, alleging that he owed money for gas service to the building. On October 15, 1980, Peoples Gas filed a second amended complaint, adding Fewer and Flanagan as defendants. Peoples Gas filed a third amended complaint against the three defendants on April 10, 1981, stating that it had provided service to the building from November 1970 until July 22, 1977 and that $2,466.55 was due. In count II, Peoples Gas alleged the following against Flanagan:

"6. That on July 26, 1976, the Plaintiff supplied said premises with natural gas service at the request of said Receiver; that payments were made on the account, but that on July 22, 1977 all service was terminated because said Defendants had failed to pay the sum of $2,466.55 which remained due and owing at the time.

7. That Defendant, James Flanagan, breached his duty as a court appointed Receiver by doing one or more of the following:

(a) failed to inform and advise the court upon accepting said position that the property in question could not be operated in a profitable manner.

(b) operated the property in question at a loss for more than one year without advising the court or the creditors of same.

(c) failed to notify and advise the Plaintiff, as a creditor, that the property could not be operated in a profitable manner, so as to diminimize the loss sustained by Plaintiff.

(d) failed to fully and completely pay Plaintiff's bill for services rendered after having collected sufficient rents to pay for same."

On July 22, 1981, the foreclosure action and the gas company complaint were consolidated.

On July 23, 1981, Flanagan answered the complaint, stating that no funds were available from rents to pay the amount owing and that he never asked Peoples Gas to supply gas service and never paid any amount owed Peoples Gas during his receivership. He asked for costs and attorney fees under section 41 of the Civil Practice Act which provides that "[a]llegations *** made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party *** together with a reasonable attorney's fee ***." Ill. Rev. Stat. 1979, ch. 110, par. 41.

On September 18, 1981, Peoples Gas admitted that Flanagan had informed the court of the unprofitability of the building in his report filed July 13, 1976. It filed a fourth amended complaint against the same defendants on October 8, 1981, alleging that Flanagan breached his duties as receiver by failing to continually inform the court that the building could not be operated profitably.

Testimony by Roy Giersch, an employee of Peoples Gas, at a deposition on September 14, 1981, and at a hearing on November 16, 1981, established that an account for gas service for the building was established in the name of Arthur Grant on November 23, 1973. Service was shut off and turned on several times. On July 26, 1976, the gas was turned off. After payment was received July 28, service was reinstated on July 30. The records of Peoples Gas did not indicate who paid or who requested service. On September 7, 1976, gas was again shut off for nonpayment. Service resumed on October 25, 1976,

after payment, made on October 22, 1976. Again, gas company records did not indicate who paid the amount owing and who requested that service be resumed. Peoples Gas did not know of the receivership at that time, and all bills were sent to Grant.

At a deposition on September 21, 1981, and at a hearing on January 8, 1982, Lillian E. Carlson, an employee of Flanagan's, explained that she made the telephone calls to the gas company that were recorded on Flanagan's time sheets. Her purpose was to check the occupancy of the building and the names of the occupants and not to request service.

On January 8, 1982, the trial court dismissed the case against Fewer. With regard to Flanagan, the court found that the allegations in the third amended complaint were made without reasonable cause, were untrue and were made when Peoples Gas had sufficient means to determine the truth or falsity of its allegations prior to pleading. The court awarded Flanagan attorney fees of $2,156.75 for 24.3 hours at the rate of $80 per hour for defense of count II in the third amended complaint. The court also dismissed count II of plaintiff's fourth amended complaint against Flanagan. Plaintiff appeals.

The sole issue raised by this appeal is whether the trial court erred in granting defendant Flanagan's section 41 petition for attorney fees. Under section 41, attorney fees may be awarded for allegations made without reasonable cause and found to be untrue. (Ill. Rev. Stat. 1979, ch. 110, par. 41.) It was enacted to prevent abuse of the judicial process. (*Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 943, 335 N.E.2d 172, 176.) The statute is penal in nature and may be invoked only in cases falling strictly within its terms. (*Himco Systems, Inc. v. Marquette Electronics, Inc.* (1980), 86 Ill. App. 3d 476, 481, 407 N.E.2d 1013, 1017.) Its application is limited to cases where a party has abused his right to free access to the courts by pleading untrue statements of fact which the party knew or reasonably should have known were untrue. *Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 243, 417 N.E.2d 167, 175.

In its third amended complaint, Peoples Gas alleged that it supplied gas service at the request of Flanagan. In an interim report, Flanagan listed telephone calls to the gas company regarding service usage on June 28 and November 9, 1976. An employee of Flanagan's explained that these calls were to check occupancy of the building and not to request service. We hold that it was not unreasonable for Peoples Gas, based on an examination of the interim report, to allege that the receiver requested service.

Peoples Gas also alleged that the receiver failed to inform the court that the property could not be operated in a profitable manner. However, Flanagan did so inform the court in his first report on July 13, 1976. When Flanagan answered, stating this fact, Peoples Gas admitted that Flanagan was correct, and altered its complaint to allege that Flanagan did not continually inform the court that the building could not be operated profitably. Attorneys are presumed to have due regard for their responsibility as officers of the court, and they are allowed to exercise broad discretion based upon an honest judgment from the facts presented to them. (*Himco Systems, Inc. v. Marquette Electronics, Inc.* (1980), 86 Ill. App. 3d 476, 481, 407 N.E.2d 1013, 1017.) Further, the overriding public policy of Illinois is that potential suitors should have free and unfettered access to the courts. (*Evans v. Stoval* (1980), 83 Ill. App. 3d 257, 260, 403 N.E.2d 1321, 1323.) We conclude that the allegations in the third amended complaint were not made without reasonable cause. Therefore, we hold that the trial court improperly awarded attorney fees to defendant Flanagan.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

JIGANTI and LINN, JJ., concur.