EUGENE HUTCHINSON, Plaintiff-Appellant, *v.* JAMES REAVES *et al.,* Defendants-Appellees.

First District (4th Division) Nos. 83—1662, 83-1719 cons.

Opinion filed July 12, 1984.

Anesi, Ozmon, Lewin & Associates, of Chicago (Larry M. Evans, of counsel), for appellant.

Iversen, Carlson & Associates, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Eugene Hutchinson, appeals an order of the trial court requiring him to pay to defendants, James Reaves and Conalco Contract Carriers, Inc., costs, fees and expenses in the amount of $7,181.35. He raises two issues for review: (1) whether the trial court committed reversible error when it granted defendants' motion pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611), and (2) whether the trial court erred in fixing the amount of fees and expenses.

We reverse.

On December 18, 1980, plaintiff filed suit against the following parties: Joseph Wolfe, Jack Freeman, Maria Gonzalez, John Morris, L & V Leasing, Nationwide Distributors, Reaves and Conalco. He alleged that on July 2, 1980, he was driving an automobile on a highway in Cook County, when a collision occurred between his vehicle and a vehicle driven by Wolfe. Plaintiff also alleged that vehicles driven or owned by other defendants collided with each other, presumably in a chain accident. Plaintiff claimed he was injured as a result of the negligent acts of defendants and prayed for damages of $200,000.

Gonzalez moved for summary judgment because, at plaintiff's discovery deposition, he testified that the alleged chain reaction collision occurred after the original impact between plaintiff's vehicle and that of defendant Wolfe. The trial court granted summary judgment to all defendants with the exception of Wolfe and Freeman, for whom the cause was continued. Subsequently, at trial, a jury found for Wolfe and Freeman and against plaintiff.

Pursuant to the grant of summary judgment in their favor,

defendants Reaves and Conalco petitioned for attorney fees under section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 2—611.) On June 2, 1983, the trial court ordered plaintiff to pay to defendants fees and costs amounting to $7,181.35. Plaintiff appeals.

Section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611) provides in pertinent part as follows:

"Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

The threshhold issue in the instant case is whether the trial court properly granted attorney fees and costs to defendants under this provision.

■ Under section 2—611 of the Code, attorney fees may be awarded for allegations made without reasonable cause and found to be untrue. It was enacted to prevent abuse of the judicial process. Its application is limited to cases where a party has abused his right to free access to the courts by pleading untrue statements of fact which the party knew or reasonably should have known were untrue. (*Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E.2d 628, 630.) Attorneys are presumed to have due regard for their responsibility as officers of the court and they are allowed to exercise broad discretion based upon an honest judgment from the facts presented to them. The overriding public policy of Illinois is that potential suitors should have free and unfettered access to the courts. *Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 751, 444 N.E.2d 628, 630.

In his memorandum decision, the trial judge found that plaintiff's vehicle came into contact with only one vehicle, the truck which hit it. After this contact, plaintiff looked back and saw another accident unconnected to his own. In plaintiff's deposition, he stated that the vehicle behind the truck which hit him had nothing to do with his accident. Plaintiff also stated that the people behind the truck were sued because "we were all involved in one accident, in one occurrence." The trial court found that allegations in plaintiff's original complaint, filed December 18, 1980, and amended complaint, filed June 28, 1982, against defendants Reaves and Conalco were untrue "before, during and after they were made" and that they were made without reasonable cause. The court noted that the complaint was not filed hastily to defeat an impending statute of limitations bar (plaintiff had until July

2, 1982, to file his complaint) and that in March 1981 one of the original defendants denied plaintiff's multiple-vehicle single-accident theory. In March 1982, another defendant disputed plaintiff's theory. On June 2, 1983, the trial court ordered plaintiff to pay attorney fees of $6,131.25 and court costs of $1,050.10 to Reaves and Conalco.

In *Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 444 N.E.2d 628, Peoples Gas Light & Coke Company (Peoples Gas) sued the receiver of a building for an amount owing for gas service. Peoples Gas alleged in an amended complaint filed April 10, 1981, that the receiver had not advised the court that the property could not be operated in a profitable manner. In fact, the receiver had advised the court in his first report of July 13, 1976, that rental income would not offset the cost of repairs nor cover monthly operating expenses. We reversed an award of attorney fees, holding that the allegations in the complaint were not made without reasonable cause.

■■ In the instant case, although plaintiff said in his deposition that the vehicle behind the truck had nothing to do with his accident, he also said that all the parties were involved "in one accident, in one occurrence." In the traffic accident report, Wolfe, Gonzalez, Morris, and Reaves, as well as plaintiff, were named. We conclude that the allegations against Reaves and Conalco, his employer, were not made without reasonable cause. Therefore, we hold that the trial court improperly awarded attorney fees and costs to defendants Reaves and Conalco. Because of this holding, it is unnecessary to address the other issue raised by plaintiff.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

JIGANTI and ROMITI, JJ., concur.