DAVID LAUNIUS *et al.*, Plaintiffs-Appellants, v. ROBERT NAJMAN *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—45

Opinion filed December 6, 1984.

Forsberg, Marsh, Wenzel & Kerwin, of Chicago (Donald G. Weiland, of counsel), for appellants.

Gould & Ratner, of Chicago (Louis R. Hegemon and Robert A. Carson, of counsel), for appellees.

MR. JUSTICE JIGANTI delivered the opinion of the court:

This appeal arises out of the operation of a parking lot by defendants, Robert Najman, Marvin Lustbader and American National Bank, as trustee under trust No. 45967, in violation of a municipal zoning ordinance. The city of Chicago on December 2, 1981, filed a complaint pursuant to section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 11—13—15) against the defendants seeking injunctive relief against them as owners of a parcel of real estate operating as a parking lot located in Chicago, allegedly in violation of article 8.11—3 of the Chicago Zoning Ordinance. (Chicago Zoning Ordinance 1983, art. 8.11—3.) On December 29, 1981, plaintiffs David Launius and Heather Anderson brought a three-count complaint as tenants of property within 1,200 feet of defendants' illegal operation, alleging the same municipal ordinance violation against defendants pursuant to section 11—13—15, and seeking injunctive relief, damages and attorney fees. The city's complaint was consolidated with the plaintiffs' action on February 2, 1982. On November 24, 1982, plaintiff American National Bank, under trust No. 20360, as legal titleholder of plaintiffs' property, was

allowed to file an intervening complaint which was identical to the plaintiffs' action. On April 25, 1983, plaintiffs Launius and Anderson's complaint was dismissed for lack of standing on the grounds that they were neither owners nor tenants of property located within 1,200 feet of the alleged violation as required by section 11—13—15 because their lease had been cancelled shortly after defendants had begun their operation. On that day, the court entered an agreed settlement order for a permanent injunction against defendants' operation of the property as a parking lot. A bench trial proceeded on April 25 on the sole remaining claim; the plaintiff American National's action for damages and attorney fees under section 11—13—15.

On June 20, 1983, the trial court denied American National's request for attorney fees under section 11—13—15 on the basis that American National's action was duplicative of the city's action.

On July 20, 1983, plaintiff American National filed a petition for attorney fees pursuant to section 2—611 (Ill. Rev. Stat. 1983, ch. 110, par. 2—611), alleging that defendant Robert Najman's untrue statements in his petition and supporting affidavit seeking to vacate the September 17, 1982, rule to show cause caused American National to incur attorney fees. The court denied the petition on December 5, 1983, on the basis that there was no allegation that plaintiff had incurred any expense due to the defendant's untrue pleading.

American National's motion to reconsider the denial of attorney fees under section 11—13—15 and plaintiffs' Launius and Anderson's motion to reconsider their dismissal were denied. On appeal, the following issues are raised: (1) whether the trial court erred in refusing to award attorney fees under section 11—13—15 of the Municipal Code to plaintiff American National; (2) whether the trial court erred in dismissing plaintiffs Launius and Anderson's complaint for lack of standing; and (3) whether the trial court erred in refusing to grant plaintiff American National a hearing on its petition for attorney fees pursuant to section 2—611.

■■ We first consider plaintiff American National's contention that the trial court erred in failing to award them attorney fees pursuant to section 11—13—15 of the Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 11—13—15).

Section 11—13—15 permits an action by either a municipality or an owner or tenant of real property within 1,200 feet in any direction of property used in violation of municipal or local ordinances to enforce those violations by way of an injunction. That section fur-

ther provides:

> "If an owner or tenant files suit hereunder and the court finds that the defendant has engaged in any of the foregoing prohibited activities, then the court shall allow the plaintiff a reasonable sum of money for the services of the plaintiff's attorney. This allowance shall be a part of the costs of the litigation assessed against the defendant, and may be recovered as such." Ill. Rev. Stat. 1983, ch. 24, par. 11—13—15.

Citing *City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 418 N.E.2d 63, *appeal dismissed* (1982), 455 U.S. 996, 71 L. Ed. 2d 858, 102 S. Ct. 1625, plaintiff argues that the allowance of attorney fees to a successful plaintiff in an action under this section is mandatory based on a finding that the defendants have engaged in the prohibited activity. Plaintiff is correct in pointing out that since section 11—13—15 was amended in 1969, the allowance of attorney fees under this provision is mandatory rather than discretionary. (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 439, 343 N.E.2d 479; *City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 1131, 418 N.E.2d 63.) However, plaintiff's reliance on *Westphalen* is misplaced. In *Westphalen*, the court considered the question of whether the private landowner plaintiffs were proper parties to intervene in the city's action in order to prosecute violations not encompassed by the city's complaint. The court held that, under section 11—13—15, adjoining landowners or tenants whose interests were not identical to those of the city could bring suit to enforce zoning and building code violations for the purpose of protecting interests that may be adversely affected if they were not allowed to intervene in the city's action. The court reasoned that as the plaintiffs alleged violations which were not the basis of the city's action, the fact that the city instigated the action did not foreclose these private parties from bringing an action to protect their own interests. (93 Ill. App. 3d 1110, 1130, 418 N.E.2d 63.) Based on the court's conclusion that the private plaintiffs were proper parties in the city's action, the court found that they were entitled to a mandatory award of attorney fees under section 11—13—15. 93 Ill. App. 3d 1110, 1131-32, 418 N.E.2d 63.

In contrast, in the present case, the plaintiff here seeks a mandatory award of fees where it alleges the same violation as alleged in the suit initiated by the city. The plaintiff does not allege any interests which differ from those of the city which could be adversely affected by the city's prosecution of the action. Rather, the plaintiff alleged the same violation and requested the same relief the city

sought and subsequently obtained against the defendant, *i.e.*, a permanent injunction against the defendants' illegal operation. Unlike *Westphalen*, the plaintiff's interests here closely correspond to that of the city.

We disagree with the plaintiff's construction of section 11—13—15 that any time a private landowner or tenant enters a suit filed by a municipal authority alleging a violation of a local building or zoning code ordinance, he is automatically entitled to a mandatory award of attorney fees. The trial court here found that the plaintiff's action was a duplication of the city's effort and reasoned that to allow an award of attorney fees would "invite a deluge of private litigation closely tracking city suits, seeking attorney fees with no appreciable public benefit." We agree. Section 11—13—15 is a valid grant to municipal authorities of the State's police powers to enforce zoning and building ordinances to promote the public health, welfare and safety. (*City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 146, 468 N.E.2d 428; *Lanski v. American National Bank & Trust Co.* (1984), 122 Ill. App. 3d 729, 731, 462 N.E.2d 607.) The extension of this enforcement authority to adjacent landowners or tenants is to afford relief to private citizens whose municipal officials are slow or reluctant to act (see *Palella v. Leyden Family Service & Mental Health Center* (1980), 79 Ill. 2d 493, 501-02, 404 N.E.2d 228), or where the local authorities' actions are not protective of their interests. (*City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 1130, 418 N.E.2d 63.) While our supreme court has consistently held that adjacent landowners are entitled to intervene in municipal suits because their particular interests extend beyond the public's interest (*Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 495-96, 256 N.E.2d 1; *Bredberg v. City of Wheaton* (1962), 24 Ill. 2d 612, 623-24, 182 N.E.2d 742), we do not believe that it necessarily follows that private plaintiffs allowed to intervene to protect their unique interests are also entitled to attorney fees under section 11—13—15, where the same violation is alleged that is already the subject of the municipality's prosecution. The allowance of attorney fees under this section is a permissible statutory sanction to secure compliance with local building and zoning ordinances. (*Pasfield v. Donovan* (1956), 7 Ill. 2d 563, 568, 131 N.E.2d 504; *City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 1132, 418 N.E.2d 63.) Plaintiff's broad construction is inconsistent with this apparent legislative purpose. Once compliance had been accomplished by the city's action, there was no basis upon which to award fees to the plaintiff. Therefore, we conclude

that the trial court properly denied plaintiff's claim for fees.

Plaintiffs Launius and Anderson next contend that the trial court erred in dismissing their complaint for lack of standing. Launius and Anderson filed a three-count complaint pursuant to section 11—13—15 alleging they were tenants within 1,200 feet of the defendants' illegal parking lot operation. In count I, plaintiffs sought a preliminary injunction against the defendants, and in count II they sought a permanent injunction and attorney fees. Count III alleged that the defendants owed plaintiffs a duty not to damage their business and sought $15,000 in damages for the defendants' alleged breach. Defendants Lustbader and American National Bank moved to dismiss Launius and Anderson on the basis they were neither owners nor tenants within the provisions of section 11—13—15. Alternatively, they moved to strike count III for failure to state a cause of action. The trial court dismissed plaintiffs' suit on the grounds they were without proper standing under the Municipal Code and that the suit was duplicative of the city's action.

On appeal, plaintiffs do not assert whether they were owners or tenants entitled to bring a section 11—13—15 action. Rather, they maintain that their standing does not depend exclusively on the Municipal Code and maintain that count III sufficiently alleged a separate count of tortious interference with plaintiffs' parking lot business. We agree with the defendants that the plaintiffs here have not properly pleaded a cause of action for tortious interference with a prospective economic advantage or tortious interference with a contractual relationship. In order to state a cause of action for the tort of interference, a plaintiff must allege the existence of a valid business relationship or expectancy; knowledge of the relationship or expectancy on the part of defendant; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to plaintiff. (*Bank Computer Network Corp. v. Continental Illinois National Bank & Trust Co.* (1982), 110 Ill. App. 3d 492, 500, 442 N.E.2d 586; *City of Rock Falls v. Chicago Title & Trust Co.* (1973), 13 Ill. App. 3d 359, 363, 300 N.E.2d 331; Broida & Handler, *Tortious Interference with Contract and Prospective Advantage in Illinois*, 32 DePaul L. Rev. 325 (1983).) While plaintiffs alleged in count III the existence of a valid business relationship, they have not alleged that the defendants had knowledge of the contract or expectancy and that the defendants intentionally interfered with that contract or expectancy. Furthermore, plaintiffs' argument that defendants are equitably estopped to raise the plaintiffs' lack of standing because defendants' illegal operation

allegedly caused the cancellation of plaintiffs' lease is equally without merit. Equitable estoppel is a doctrine developed in equity to prevent the party from asserting rights where the assertion of those rights would work a fraud or injustice on another party. (*Martin Brothers Implement Co. v. Diepholz* (1982), 109 Ill. App. 3d 283, 288, 440 N.E.2d 320.) As plaintiffs have produced no evidence establishing any words or conduct by defendants amounting to a misrepresentation or concealment of material fact, and as plaintiffs have failed to show the defendants intended or expected their conduct to result in plaintiffs' reliance on the alleged misconduct, plaintiffs have not shown that the doctrine of equitable estoppel is applicable. *Martin Brothers Implement Co. v. Diepholz* (1982), 109 Ill. App. 3d 283, 288-89, 440 N.E.2d 320.

■ Finally, plaintiff American National contends that the trial court's denial of its motion for costs and attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) was an abuse of discretion.

Following trial, plaintiff filed a motion for costs and attorney fees pursuant to section 2—611 alleging that defendant, Najman, without reasonable cause, made untrue statements in an affidavit to support Najman's petition to vacate an earlier rule to show cause entered against him for continuing to operate the parking lot in violation of a default order enjoining its operation. According to plaintiff's petition, Najman's statements that he removed himself as officer and director of the corporation managing the parking lot and that he owned only a 25% beneficial interest in the land trust were untrue and made without reasonable cause. Plaintiff alleged that by reason of Najman's untrue statements it incurred attorney fees. The motion was denied without a hearing, and plaintiff raises the issue of whether the denial of its petition without a hearing was improper.

Whether a hearing must be held to determine whether the assertions are untrue and made without reasonable cause depends upon the circumstances presented in each case. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 512, 394 N.E.2d 1273.) Generally, a hearing on both the merits and the amount is required before awarding expenses (*Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 185, 417 N.E.2d 1297; *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 101-02, 454 N.E.2d 684; *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 450, 383 N.E.2d 1224; *Morton v. Environmental Land Systems, Ltd.* (1977), 55 Ill. App. 3d 369, 374, 370 N.E.2d 1106; *Malone v. Checker Taxi Company, Inc.* (1972), 3 Ill.

App. 3d 1040, 1041, 279 N.E.2d 738); however, there is no need for a separate hearing where the pleadings and evidence at trial demonstrated whether the two requirements of section 2—611—that the assertions were made without reasonable cause and found to be untrue—have been met. (*Brokaw Hospital v. Circuit Court of McLean County* (1972), 52 Ill. 2d 182, 185-86, 287 N.E.2d 472; *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945; *Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 512, 394 N.E.2d 1273; *Voss v. Lakefront Realty Corp.* (1977), 48 Ill. App. 3d 56, 72, 365 N.E.2d 347.

■ At trial, Najman and defendant Lustbader both testified regarding their interest and control of the corporation. Najman testified that he owned a 25% beneficial interest in the land trust. He further stated that he resigned as an officer and director of the corporation but that he could not recall how he had resigned. Lustbader testified that he was not sure what percentage of interest Najman had in the land trust, but that he believed Najman's interest was 50%. He also said that he could not recall a discussion with Najman about his resignation from the corporation. Based on this trial evidence, the trial court could make the determination of whether Najman's statements were untrue and made without reasonable cause. Under these circumstances, an additional hearing was not required.

Furthermore, section 2—611 expressly limits expenses and fees to those actually incurred by reason of the untrue pleadings. As section 2—611 is penal in nature, its provisions must be strictly construed. (*Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E.2d 628.) Thus, as the petition here fails to allege any costs or fees directly resulting from the defense of these purportedly untrue allegations, there was no error in the trial court's denial of the petition. (See *Bank of Naperville v. Holz* (1980), 86 Ill. App. 3d 533, 539, 407 N.E.2d 1102.) Accordingly, the trial court's denial, without a hearing, of plaintiff's motion for expenses was not an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court is affirmed.

LINN, P.J., and JOHNSON, J., concur.